UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KEVIN ALLEN GIBBS,<br>Plaintiff,<br><br>vs.<br><br>MISSY LEIGH HOWELL, et al.,<br>Defendants. | Case No. 1:19-cv-196<br>Barrett, J.<br>Litkovitz, M.J.<br><br><br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Hamilton, Ohio, brings this pro se civil action against Fairfield, Ohio Police Chief Steven Maynard, Fairfield police officer Zachary Shust, Butler County, Ohio Sheriff Richard K. Jones, City of Fairfield Deputy Dog Warden Aaron James Adkins, and Missy Leigh Howell. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; see also 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that on June 20, 2018, defendant Howell contacted the police regarding plaintiff's dog. Plaintiff alleges his dog is an American Staffordshire Terrier (pit bull). Plaintiff alleges he is disabled, and his dog is his service animal. Plaintiff alleges that the City of Fairfield has a ban on American Staffordshire Terrier and has not made an exception for service animals in violation of the Americans With Disabilities Act (ADA). Plaintiff alleges that defendant Adkins violated his rights under the ADA when Adkins requested plaintiff to prove by documentation that the dog was a service animal. Plaintiff states he refused to provide this documentation. Plaintiff was convicted of harboring a pit bull and fined $250. The complaint does not contain specific allegations concerning any actions taken by defendants Maynard, Shust, or Jones. As relief, plaintiff seeks monetary and injunctive relief, including the removal of the criminal charge against him.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the

citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, there is no complete diversity of citizenship because plaintiff and all of the defendants are Ohio citizens. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Second, the Court is without federal question jurisdiction over the complaint against defendants. Plaintiff alleges defendants violated the ADA. Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler,* 591 F.3d 474, 481-82 (6th Cir. 2010) (citing 42 U.S.C. § 12132). A "public entity" means, inter alia, "any State or local government" or a department or agency thereof. 42 U.S.C. § 12131(1)(A), (B). The proper defendant under a Title II claim is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.,* 282 F.3d 391, 396-97 (6th Cir. 2002). *See also Everson v. Leis,* 556 F.3d 484, 501 n.7 (6th Cir. 2009) (Title II of the ADA does not provide for suit against a public official acting in his individual capacity). To state a claim for relief under Title II of the ADA, plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disability. *See Tucker v. Tennessee,* 539 F.3d 526, 532-33 (6th Cir. 2008). *See also Jones v. City of Monroe,* 341 F.3d 474, 477 (6th Cir. 2003).

Plaintiff's complaint fails to state a claim for relief under the ADA against the defendants. The defendants do not qualify as "public entities" and are not proper defendants under the ADA. In addition, plaintiff has alleged no facts whatsoever indicating how defendants Maynard, Shust, and Jones violated his rights under the ADA. The only allegation against defendant Adkins is that Adkins asked plaintiff to provide documentation verifying his dog was a service animal. However, plaintiff does not allege what, if any, action defendant Adkins took as a result of plaintiff's refusal that could plausibly amount to a violation of the ADA. Accordingly, the complaint fails to state a claim upon which relief may be granted against defendants and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/18/19

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KEVIN ALLEN GIBBS,
    Plaintiff,

vs.

MISSY LEIGH HOWELL, et al.,
    Defendants.

Case No. 1:19-cv-196
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).